BOYER *et al. vs.* FLOURY.

Where the land had formerly been owned by one Bruce, who made a deed to one Bonner to secure an indebtedness; and the ancestor of the plaintiffs negotiated with Bonner for the purchase of the

land, paid an amount of money agreed on, and directed the deed to be made to the defendant, which was done, and the fee simple title was conveyed to her for her own proper use, benefit and behoof; and Bruce, the owner of the equity of redemption, also made a deed to the defendant, and it does not appear who paid him therefor, no resulting trust arose in favor of the plaintiffs' ancestor or in their favor against the defendant.

January 30, 1888.

Title. Trusts. Before Judge JENKINS. Baldwin superior court. July term, 1887.

Reported in the decision.

C. P. CRAWFORD, for plaintiffs.

WHITFIELD & ALLEN, by J. H. LUMPKIN, for defendant.

BLANDFORD, Justice.

The plaintiffs in error, as heirs at law of one Boyer, brought an action of ejectment against Milly A. Floury to recover a certain tract of land in the county of Baldwin. On the trial of the case, they showed that they were the heirs at law of Boyer, who had bought the land in question from Bonner and had paid Bonner certain money and directed Bonner to make a deed to Milly A. Floury for the land; in which deed he conveyed the fee simple title to her, to her own proper use, benefit and behoof. Bonner did not own the title to the land, but held what is called an equitable mortgage,—a deed with bond for title back, certain money having been paid thereon. The title, it appears, was in one Bruce; and there was also a deed from Bruce to Milly A. Floury. Who paid Bruce any money, the record does not disclose. The court below was asked to instruct the jury that the payment of the money by Boyer, and the making of the deed by Bonner to Milly A Floury at his instance, raised a trust in Boyer by implication, which trust resulted to Boyer and his heirs at law. The court refused to charge as requested, but instructed

the jury that if Boyer procured the deed made to Milly A. Floury, intending thereby to make a gift of the land to her, the plaintiffs could not recover; and this is excepted to.

The doctrine of implied and resulting trusts is a very difficult one. Indeed it should be swept away by legislation, and should have no resting place in this State. It served its purpose long ago. Where a man makes a deed to another, no trust being reserved in the deed, but the whole title being conveyed with warranty, etc., no trust should result. But whatever the law is on that subject, this case is taken out of the doctrine of resulting trusts by the fact that Boyer did not pay the purchase money. The money he paid was to remove Bonner's incumbrance on the land. We hold, therefore, that the court did right to instruct the jury that the heirs at law of Boyer could not recover; and the judgment is affirmed.